**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

JMR/AJM/PL AGR
2010R01087

November 1, 2011

Michael A. Robbins, Esq.
Law Offices
20 Northfield Avenue
West Orange, NJ 07052

      Re:   <u>Plea Agreement with Ramiro Quintans</u>

Dear Mr. Robbins:

      This letter sets forth the plea agreement between your client, Ramiro Quintans, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Ramiro Quintans to Count 3 of the First Superseding Indictment, 10 Cr. 851 (DMC), filed January 10, 2011, which charges conspiracy to commit extortion in violation of Title 18, United States Code, Section 1951(a). If Ramiro Quintans enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Ramiro Quintans for his involvement in the extortion of dockworkers for Christmastime tribute payments in 2008 and 2009. In addition, if Ramiro Quintans fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 26, 28, 29, and 38-40 of the Indictment against Ramiro Quintans. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ramiro Quintans may be commenced against him, notwithstanding the expiration of the limitations period after Ramiro Quintans signs the agreement.

Sentencing
---

The violation of 18 U.S.C. § 1951(a) to which Ramiro Quintans agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ramiro Quintans is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Ramiro Quintans ultimately will receive.

Further, in addition to imposing any other penalty on Ramiro Quintans, the sentencing judge: (1) will order Ramiro Quintans to pay an assessment of $100 per count; (2) may order Ramiro Quintans to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Ramiro Quintans, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, must require Ramiro Quintans to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Ramiro Quintans be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ramiro Quintans may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Ramiro Quintans by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ramiro Quintans's activities and relevant conduct with respect to this case.

Forfeiture

Ramiro Quintans agrees that as part of his acceptance of responsibility, he will forfeit to the United States property, real or personal, that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1951(a) (the "Forfeitable Property"). Ramiro Quintans further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Ramiro Quintans agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ramiro Quintans understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Ramiro Quintans hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead

guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Stipulations

This Office and Ramiro Quintans agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ramiro Quintans from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ramiro Quintans waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ramiro Quintans. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Ramiro Quintans.

No Other Promises

This agreement constitutes the plea agreement between Ramiro Quintans and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Anthony J. Mahajan
Assistant U.S. Attorney

APPROVED:

_____
David Malagold
Chief, Organized Crime/Gangs Unit

- 5 -

      I have received this letter from my attorney, Michael A. Robbins, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date:
Ramiro Quintans

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 12-12-11
Michael A. Robbins, Esq.

<u>Plea Agreement With Ramiro Quintans</u>

### Schedule A

1. This Office and Ramiro Quintans recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Ramiro Quintans nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Ramiro Quintans within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Ramiro Quintans further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable guideline is U.S.S.G. § 2B3.2, which carries a Base Offense Level of 18.

3. Specific Offense Characteristic 2B3.2(b)(2) applies because the loss to the victims of the conspiracy during the two years (2008 and 2009) in which Ramiro Quintans was a co-conspirator exceeded $250,000. The application of the foregoing Specific Offense Characteristic results in an increase of three levels. See U.S.S.G. § 2B3.1(b)(7)(D).

4. As of the date of this letter, Ramiro Quintans has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Ramiro Quintans's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Ramiro Quintans has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Ramiro Quintans enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Ramiro Quintans' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Ramiro Quintans will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Ramiro Quintans is 18 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

8. Ramiro Quintans knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 18. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 18. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.